IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BYRON TU'SHAWN GOINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:09-0787 |
| | ) | Chief Judge Todd Campbell |
| DESIREE ANDREWS, et al., | ) | Magistrate Judge John S. Bryant |
| | ) | |
| Defendants. | ) | |

To: The Honorable Todd Campbell, Chief Judge

REPORT AND RECOMMENDATION

I. Introduction

Plaintiff Byron Tu'Shawn Goins is suing defendants Desiree Andrews and Dr. Inocentes Sator for violating his civil rights under 42 U.S.C. § 1983. Plaintiff claims that defendants violated his Eighth Amendment and Fourteenth Amendment rights to be free from cruel and unusual punishment by providing inadequate medical care. Defendants filed a motion to dismiss the complaint (Docket Entry No. 20), to which plaintiff did not respond until June 22, 2010. For the reasons given below, the undersigned recommends that the motion to dismiss be GRANTED.

II. Factual Background

On August 27, 2009, plaintiff Byron Tu'Shawn Goins filed a complaint pro se under 42 U.S.C. § 1983 against defendants Desiree Andrews, Dr. Inocentes Sator, and Jonathen Walton, alleging that Goins suffered cruel and unusual punishment in violation of the Eighth Amendment to the Constitution. (Docket Entry No. 1). Plaintiff's application to proceed in forma pauperis was granted on August 31, 2009. (Docket Entry No. 3). On March 8, 2010, defendants Andrews and Dr. Sator filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

1

Procedure and a memorandum of law in support of the motion to dismiss. (Docket Entry No. 20; Docket Entry No. 21). Plaintiff did not respond to the motion to dismiss in a timely fashion. On June 1, 2010, plaintiff was ordered to show cause why defendants' motion to dismiss should not be granted. (Docket Entry No. 38). Plaintiff filed a response to the motion to dismiss on June 22, 2010. (Docket Entry No. 41).

On a motion to dismiss, the court will take as true the allegations of the complaint. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). Plaintiff alleges that he suffered some ailment which Dr. Sator diagnosed as a fissure; further, he claims Dr. Sator did not perform an X-ray of the injury, but instead diagnosed plaintiff by physical examination. (Docket Entry No. 1 at 4). Plaintiff also alleges that Dr. Sator prescribed medication for him but did not specify how long to take the medicine or how much it would cost. (Docket Entry No. 1 at 5). Plaintiff further alleges that the medicine made him sick to his stomach. (Docket Entry No. 1 at 5). Plaintiff also alleges that he wrote a letter to defendant Andrews, who responded with a note, but plaintiff does not indicate what was written in either writing. (Docket Entry No. 1 at 5, 6). In his response to the show cause order, plaintiff did not allege any new facts pertaining to the allegations against Andrews and Dr. Sator. His response goes no further than to reiterate the accusation that Dr. Sator has not given plaintiff an X-ray examination, an "explanation," or "medical care." (Docket Entry No. 41). This appears to be the extent of the allegations against Andrews and Dr. Sator.

### III. Conclusions of Law

#### A. Standard of Review

When a party makes a motion under Rule 12(b)(6), he is alleging that the opposing party has failed to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). A defendant can use a Rule 12(b)(6) motion to determine whether, taking everything plaintiff

2

alleges as true, he is entitled to legal relief.  Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993).  To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must show that his complaint does more than recite "labels and conclusions" or the basic elements of the cause of action.  Assoc. of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  A plaintiff must allege enough facts so that his claim is plausible on its face.  Twombly, 550 U.S. at 570.  Two tenets underlying Twombly now apply to all civil cases: legal conclusions should not be taken as true, and only a complaint that states a plausible claim for relief will survive a motion to dismiss.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50, 1953 (2009).  A pro se complaint must be construed more liberally than a complaint filed by an attorney.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

## B. Analysis of the Motion

Under 42 U.S.C. § 1983, "every person who, under color of any statute…subjects…any citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]"  42 U.S.C. § 1983 (2006).  Section 1983 does not grant rights but instead provides a means for remedying a violation of a person's federal right.  Graham v. Connor, 490 U.S. 386 (1989).  To establish a claim under section 1983, a plaintiff must show that (1) the defendant deprived the plaintiff of a right secured by the Constitution and (2) the defendant was acting under color of state law.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970).  The "unnecessary and wanton infliction of pain" by prison officials is a violation of an inmate's Eighth Amendment right to be free from cruel and unusual punishment.  Estelle v. Gamble, 429 U.S. 97, 102-03 (1976).  The deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain.  Estelle, 429 U.S. at

3

104. The element of serious medical needs is objective, and the element of deliberate indifference is subjective. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

### 1. Allegations Against Defendant Desiree Andrews

Plaintiff's allegations against defendant Andrews are that he "wrote [Andrews] a letter because a nurse said she was over medical." Plaintiff also said, "Desiree Andrew [sic], I wrote her a note and she wrote back response to a Greivance [sic]." The complaint contains no further reference to Andrews. The response to the order to show cause does not mention Andrews, nor does it expand on the accusations against her. In order to establish a defendant's liability, a plaintiff must show that a defendant "encouraged… participated in… authorized, approved, or knowingly acquiesced" in the incident giving rise to the cause of action. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (quoting Hays v. Jefferson County, 668 F.2d 869, 874 (6th Cir.1982) (internal quotation marks omitted)). In Shehee, the court held that, though the supervisors were aware of the plaintiff's condition, the supervisors were not liable because they did not directly contribute to any constitutional violation suffered by the plaintiff. Shehee, 199 F.3d at 300. Moreover, for a complaint to stand, it must allege, directly or by inference, all of the elements of that cause of action. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). There is no duty of the trial court to read into a complaint allegations which have not been pled. Clark v. National Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975). Nor can the failure of a pro se complaint to contain "basic pleading essentials" be excused. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).

Neither of plaintiff's allegations pertaining to Andrews indicates a violation of any constitutional right, nor do they indicate that Andrews contributed to or participated in plaintiff's medical treatment. Just as the court in Shehee did not hold the defendants liable since they did

4

not participate in the action causing harm to the plaintiff, in this case the court should not allow plaintiff's complaint to stand against Andrews because plaintiff has not alleged any fact suggesting that Andrews participated in the alleged violation of his constitutional right to medical care.

In short, plaintiff has not alleged enough facts against Andrews to meet the "plausible" pleading standard required by Twombly, even considering the liberal interpretation given to pro se complaints. In fact, plaintiff has not stated any plausible claim against Andrews.

### 2. Allegations Against Defendant Dr. Inocentes Sator

Plaintiff's allegations against Dr. Sator also are subject to dismissal. Plaintiff is required to show both the subjective and objective elements of deliberate indifference to serious medical needs.

Regarding the objective element, a medical need rises to the level of "serious" when it is diagnosed by a physician as "mandating treatment" or if a medical need is so obvious "that even a lay person would easily recognize the necessity for a doctor's attention." Blackmore v. Kalamazoo County, 390 F.3d 890, 897 (6th Cir. 2004). In Blackmore, the Sixth Circuit reversed the lower court's dismissal by summary judgment because the plaintiff presented sufficient evidence to show an obvious and serious medical need when treatment of his appendicitis was delayed. While it is difficult to ascertain the seriousness of plaintiff's fissure from the allegations of his complaint, his medical needs are presumed for these purposes to be sufficiently objectively serious, based in part on his allegation of being bedridden due to his symptoms.

However, as for the subjective element, plaintiff's allegations about Dr. Sator's behavior do not rise to the level of "deliberate indifference." A prison doctor who acts with deliberate indifference acts with more than simple negligence, but his behavior need not meet the

5

"purposeful" standard. Farmer, 511 U.S. at 835-36. Therefore, a prison doctor will not incur liability unless he "knows of and disregards an excessive risk to inmate health or safety," and he "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. Furthermore, neither a doctor's refusal to perform diagnostic measures like X-rays nor medical malpractice through negligent acts by prison medical staff rises to the level of cruel and unusual punishment. Estelle, 429 U.S. at 107. In Estelle, the court dismissed a prisoner's section 1983 claims (for lack of diagnosis and failure to treat an ailment) against the prison medical director because the prisoner had visited medical personnel seventeen times, and because a misdiagnosis or inadequate treatment did not amount to deliberate indifference by medical personnel. Estelle, 429 U.S. at 107-08.

In this case, plaintiff alleges that Dr. Sator saw and treated his injury and that Dr. Sator prescribed medicine, but that he did not inform plaintiff of the cost or expected course of treatment with medicine. Plaintiff also alleges that Dr. Sator did not perform an X-ray examination in diagnosing him. Just as the Supreme Court in Estelle dismissed the plaintiff's claims because the medical staff had seen and treated him on a number of occasions, in this case the court should dismiss plaintiff's claims because Dr. Sator treated him without apparent delay, demonstrating that Dr. Sator was not indifferent to Goins's condition. Similarly, the alleged refusal to order an X-ray does not support plaintiff's deliberate indifference claim, since Estelle demonstrated that the lack of ordering an X-ray did not amount to deliberate indifference. Finally, plaintiff in his response did not allege any new information, nor did he provide support to his allegations that Dr. Sator acted with deliberate indifference. In short, plaintiff's allegations regarding the subjective element of his Eighth Amendment claim are not sufficient to allow the

6

claim to stand.

In conclusion, plaintiff has failed to sufficiently allege deliberate indifference on the part of Dr. Sator, or any wrongdoing on the part of defendant Andrews. The undersigned therefore concludes that these defendants' motion to dismiss should be granted, and that plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted.

IV. Recommendation

In light of the foregoing, the Magistrate Judge recommends that the defendants' motion to dismiss the complaint for violation of civil rights under 42 U.S.C. § 1983 be GRANTED.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. FED. R. CIV. P. 72(b)(2). Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

**ENTERED** this 25th day of June, 2010.

s/ John S. Bryant<br>
JOHN S. BRYANT<br>
UNITED STATES MAGISTRATE JUDGE