IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BYRON TU'SHAWN GOINS )
)
v. ) No. 3:09-0787
) Judge Campbell/Bryant
DESIREE ANDREWS, et al. )

To: The Honorable Todd J. Campbell, Chief Judge

### REPORT AND RECOMMENDATION

I.

By order entered July 2, 2010 (Docket Entry No. 46), Judge Campbell adopted the recommendation of the undersigned and dismissed the pro se plaintiff's claims against defendants Andrews and Sator. It was further noted in that order that "[t]he remaining Defendant, Jonathen Walton, was served with the Complaint (Docket Entry No. 6) but has never responded thereto." Id. The case was therefore returned to the undersigned "for further recommendations and/or case management with regard to Plaintiff's claims against Defendant Walton." Id.

Because it does not appear from plaintiff's complaint that any claim has in fact been alleged against the lone remaining defendant, Walton, and because the deadline for amending pleadings has long since passed, the undersigned recommends that this case be DISMISSED.

II.

The caption of plaintiff's complaint names as defendants Desiree Andrews, HSA, Dr. Sator, and Jonathen Walton. (Docket Entry No. 1 at 1) Subsequently in his complaint, plaintiff, in more fully identifying the parties he intended to sue, lists "Desiree Andrews, Health Service Administrator, R.M.S.I.," "Dr. Sator, Doctor, R.M.S.I.," and "employ[ees] here at R.M.S.I. every RN that brings meds around." Id. at 3. The complaint proceeds to describe, in the "Statement of Claim" section, alleged wrongdoing by Dr. Sator and Ms. Andrews, along with named and unnamed prison staff at other institutions as well as at Riverbend Maximum Security Institution, plaintiff's current place of confinement. Id. at 4-6. Nowhere in the complaint (outside of the caption) does plaintiff attempt to allege any claim against defendant Walton, nor even mention that defendant's name. Upon a thorough review of the record in this case, the undersigned finds only two references to any possible wrongdoing by defendant Walton: in a notice accompanying a submission of physical evidence pertaining to his medical care, plaintiff, in paragraphs denominated as "Exhibit B" and "Exhibit D," appears to allege that defendant Walton used excessive force when he "pulled [plaintiff's] arm back with force" (Docket Entry No. 18 at 1-2); and, in a second notice also comprised of paragraphs denominated as "exhibits," plaintiff alleges that "Defendant Jonathan Walton on 12-9-09 Wednesday came to work on 2nd shift and I didn't get my laundry back in return." (Docket Entry No. 19 at 1)

The scheduling order in this case established December 7, 2009, as the deadline for seeking to amend the pleadings. (Docket Entry No. 12 at 2) Plaintiff has not filed any motion to amend his complaint. While plaintiff's statement concerning not receiving his laundry was accompanied by the notation "governed by Rule 15(c)," (Docket

2

Entry No. 19 at 1), pertaining to the relation back of amendments, this document was not filed until December 21, 2009, and the "deprivation" was not alleged to have occurred until December 9, 2009. Meanwhile, plaintiff has made clear in subsequent filings that, consistent with his complaint, the relief he is seeking in this lawsuit is appropriate medical care; specifically, plaintiff wants to see a specialist and to be transferred from Riverbend to Lois DeBerry Special Needs Facility. (Docket Entry No. 48)[1] However, the court has already ruled that any deficiency in the medical care plaintiff received from Dr. Sator while at Riverbend did not rise to the level of a constitutional violation, and the transfer that plaintiff seeks is a matter of state prison administration upon which this court must not intrude, absent unusual circumstances of a kind not presented here. Cf. Soto v. Birkett, 2008 WL 474089, at *2 (E.D. Mich. Feb. 19, 2008) (citing circuit law imposing a duty on federal courts to impose "the least intrusive remedy available" when intruding into the administration of state prisons, and finding a court-ordered transfer to another prison to be the *most* intrusive remedy).

In view of the absence from the complaint of any allegations or claims for relief against defendant Walton, and the failure of the plaintiff to seek timely to amend his complaint in order to state such allegations or claims, the undersigned concludes that there are no issues for trial in this case, and the complaint should therefore be dismissed in its

---

[1] Docket Entry No. 48 appears to be an application for injunctive relief against defendant Walton, as well as against dismissed defendants Andrews and Sator and "RN Michael Payne," an individual not previously named in this case. Aside from seeking a transfer to the Lois DeBerry facility, this filing seeks to enjoin the denial of "correct medical treatment" -- the very conduct which has already been held insufficient to state a claim for relief. Accordingly, consistent with this recommendation to dismiss any claims against defendant Walton and the complaint in its entirety, the application for injunctive relief should be denied as well.

entirety.

### III.

In light of the foregoing, the Magistrate Judge hereby RECOMMENDS that this case be DISMISSED.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court.  Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections.  Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Cowherd v. Million</u>, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

**ENTERED** this 16th day of September, 2010.

                                                      s/ John S. Bryant
                                                     JOHN S. BRYANT
                                                     UNITED STATES MAGISTRATE JUDGE